UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

HERMITE C. JOSEPH and MARIE E. LAGUERRE,
on their own behalf and others similarly situated,

        Plaintiffs,

v.

FIZA INVESTMENTS, INC.,
a Florida Profit Corporation, dba
WINDSOR COURT and
PATRICIA S. RENGASAWMY, individually,

        Defendants.
_____/

## COMPLAINT

1. Plaintiffs, HERMITE C. JOSEPH and MARIE E. LAGUERRE (hereinafter collectively referred to as "Plaintiffs"), were employees of Defendants, FIZA INVESTMENTS, INC., a Florida profit corporation, dba WINDSOR COURT, and PATRICIA S. RENGASAWMY, individually (collectively referred to as "Defendants"), and brings this action on behalf of themselves and other current and former employees of Defendants similarly situated to them for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2. Plaintiffs performed non-exempt work as laborers and related activities for Defendants at Defendants' assisted living facility known at WINDSOR COURT located in West Palm Beach, Florida.

3. HERMITE C. JOSEPH was employed as a Housekeeper and Home Health Aide at WINDSOR COURT. Plaintiffs assisted the residents with bathing, toileting assistance, dressing, hygiene, and self-administration of medication, performed housekeeping and laundry services, provided companionship, and assisted residents with feeding at the assisted living facility.

4.  MARIE E. LAGUERRE worked as a Housekeeper and a Certified Nursing Assistant at WINDSOR COURT. Plaintiff assisted the residents with bathing, toileting assistance, dressing, hygiene, and self-administration of medication, performed housekeeping and laundry services, provided companionship, and assisted residents with feeding at the assisted living facility.

5.  During MARIE E. LAGUERRE's employment as a Certified Nursing Assistant she also traveled with residents to their respective medical providers.

6.  At all times material hereto, Plaintiffs and similarly situated employees were employees of Defendants within the meaning of the FLSA.

7.  The services provided by Defendants to its elderly residents constituted healthcare services.

8.  Employees of Defendants assisted the residents with bathing, dressing, hygiene, and self-administration of medication, health monitoring, healthcare services, performed housekeeping and laundry services, provided companionship, prepared meals, and traveled with residents to various destinations.

9.  Plaintiffs and similarly situated employees regularly handled and worked with goods and materials moved in or produced in commerce.

10. Plaintiffs handled and worked with medication, cleaning supplies, food items, cleaning equipment, linen materials, vehicles, and mobility equipment.

11. Plaintiffs were employed by Defendants during the three year period preceding the filing of this lawsuit.

12. Plaintiff, MARIE E. LAGUERRE, worked with Defendants from July 9, 2009 until November 7, 2014.

13. Plaintiff, HERMITE C. JOSEPH, worked with Defendants from July 2008 until March 31, 2014.

14. Plaintiffs routinely worked more than forty (40) hours per week for Defendants.

15. During certain pay periods of Plaintiffs' employment, Plaintiff would average between ten (10) to twenty (20) hours of overtime bi-weekly.

16. Defendants failed to compensate Plaintiffs for all overtime hours worked.

17. Defendants failed to properly credit Plaintiffs for all hours worked.

18. At the time of Plaintiffs termination, Plaintiffs hourly rate was $10.00 and Plaintiffs hourly overtime rate was $15.00.

19. Plaintiffs were paid straight-time wages for some of their overtime hours worked.

20. Defendants would credit some of the overtime hours worked by Plaintiffs as sick-time hours and would pay Plaintiffs for those hours noted as sick-time at straight-time pay instead of paying Plaintiffs at time and one-half of Plaintiffs' regular rate of pay.

21. Defendants would make improper deductions from Plaintiffs' pay.

22. FIZA INVESTMENTS, INC. dba WINDSOR COURT is an assisted living facility primarily engaged in the care of the sick, aged, and the mentally ill or defective elderlies who reside at the facility.

23. FIZA INVESTMENTS, INC. dba WINDSOR COURT is licensed under Florida's Assisted Living Facilities Act, Fla. Stat. 429.01 et seq., and is primarily engaged in providing services to the elderly.

24. The services provided by Defendants identified in paragraphs 3, 4, 5, 8, 22 and 23 necessitated that Defendants' employees work with goods and materials that have traveled or produced in commerce.

25. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint FIZA INVESTMENTS, INC. dba WINDSOR COURT was and is an enterprise engaged in interstate commerce or in the production of goods for commerce.

26. The services provided by Defendants necessitated that Defendants engage in interstate commerce.

27. Plaintiffs were individually engaged in commerce due to the nature of their work.

28. This action is brought to recover from Defendants overtime compensation, unpaid wages, minimum wage violation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b).

29. At all times material hereto, individual Defendant, PATRICIA S. RENGASAWMY, was and/or is an individual resident of the State of Florida who owns, manages, directs, and/or operates FIZA INVESTMENTS, INC. dba WINDSOR COURT and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, manage daily or weekly activities of employees, and control the finances and operations of FIZA INVESTMENTS, INC. dba WINDSOR COURT. By virtue of such control and authority, PATRICIA S. RENGASAWMY is an employer of Plaintiffs as such term is defined by the FLSA, 29 U.S.C. §201 et seq.

30. Plaintiffs reported directly to PATRICIA S. RENGASAWMY.

31. PATRICIA S. RENGASAWMY was Plaintiffs' manager during the period of employment referenced herein.

32. PATRICIA S. RENGASAWMY is also an officer of FIZA INVESTMENTS, INC. dba WINDSOR COURT.

33. Plaintiffs reported all employment related concerns to PATRICIA S. RENGASAWMY and other members of management.

34. Plaintiffs repeatedly requested for PATRICIA S. RENGASAWMY to pay them at time and one-half for their overtime hours worked. Plaintiffs also requested that PATRICIA S. RENGASAWMY not deduct from their hours worked.

35. The additional persons who may become Plaintiffs in this action are non-exempt employees and/or former employees of Defendants who worked similar positions as Plaintiffs and worked in excess of forty (40) hours in a work-week on or after December 2011, but were not properly paid for all hours worked in

excess of forty (40) during one or more work weeks or current and/or former employees who were not credited for all hours worked during their employment with Defendants.

36.     At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiffs and those similarly situated to Plaintiffs performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiffs for those hours worked in excess of forty (40) at an overtime rate of one and one-half times their regular rate of pay for all the overtime hours worked, based in part upon Defendants' custom and practice of failing to credit all overtime hours actually worked and failing to calculate and pay overtime wages accurately.

37.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).   At all times pertinent to this Complaint, FIZA INVESTMENTS, INC. dba WINDSOR COURT is an enterprise engaged in interstate commerce or in the production of goods for commerce.

38.     Based upon information and belief, the annual gross sales volume of FIZA INVESTMENTS, INC. dba WINDSOR COURT was in excess of $500,000.00 per annum during the relevant time period.

39.     As a result of Defendants' actions identified herein Plaintiffs and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

40.     Likewise, the other employees similarly situated to Plaintiffs regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendants.

41.     The records, if any, concerning the number of hours actually worked by Plaintiffs and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs.

## COUNT I, RECOVERY OF OVERTIME COMPENSATION

42. Plaintiffs readopt and reallege all allegations contained in Paragraphs 1 through 41 above.

43. Plaintiffs are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.   All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

44. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered damages plus incurring costs and reasonable attorney's fees.

44. Plaintiffs have retained the undersigned counsel to represent them in this action, and agreed to pay reasonable fees and costs, and pursuant to 29 U.S.C. §§216(b), Plaintiffs are entitled to recover all reasonable attorney's fees and costs incurred in this action.

45. As a result of Defendants' willful violation of the Act, all Plaintiffs (the named Plaintiffs and those similarly situated to them) are entitled to liquidated damages.

46. Plaintiffs demand a jury trial.

   **WHEREFORE**, Plaintiffs, HERMITE C. JOSEPH and MARIE E. LAGUERRE, and those similarly situated to them who have or will opt into this action, demand judgment, jointly and severally, against Defendants, FIZA INVESTMENTS, INC. dba WINDSOR COURT and PATRICIA S. RENGASAWMY, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages in an amount equal to the overtime awarded, prejudgment interest, reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED this 3rd day of December 2014

Respectfully submitted on behalf of HERMITE C. JOSEPH and MARIE E. LAGUERRE

<u>**s/Maguene D. Cadet**</u>
Maguene D. Cadet, Esq., FBN. 0591361
Email: Maguene@DieudonneLaw.com
Law Office of Dieudonne Cadet, P.A.
2500 Quantum Lakes Drive, Suite 203
Boynton Beach, Florida 33426
Telephone: 561-853-2212
Facsimile: 561-853-2213
Attorney for Plaintiffs