UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-cv-81511-ROSENBERG/BRANNON

HERMITE C. JOSEPH and MARIE E. LAGUERRE,
on their own behalf and others similarly situated,

    Plaintiffs,

v.

FIZA INVESTMENTS, INC. d/b/a WINDSOR COURT,
and PATRICIA S. RENGASAWMY,

    Defendants.
_____/

## ORDER DENYING SETTLEMENT APPROVAL WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon the parties' Joint Stipulation of Dismissal with Prejudice [DE 43], which asks the Court to approve the parties' settlement agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).[1] The Court has carefully reviewed the Joint Stipulation and the Settlement Agreement attached thereto, and is otherwise fully advised in the premises. For the reasons set forth below, the parties' request for settlement approval is **DENIED** without prejudice.

### I.    PROCEDURAL HISTORY

On December 3, 2014, Plaintiffs Joseph and Laguerre filed this action for unpaid overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). *See* DE 1. On January 13, 2015, Plaintiffs filed a statement of claim stating that Joseph was owed between $3,200 and $6,400 in overtime pay and Laguerre was owed between $3,800 and $,7600 in overtime pay. *See* DE 15. On January 27, 2015, Defendants responded to the statement of claim, arguing no

---

[1] Although the parties have styled the filing as a stipulation of dismissal, the Court finds the stipulation was made contingent on this Court's approval of the settlement agreement, as this is required in this Circuit to compromise a Fair Labor Standards Act claim. *See e.g., Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, *1 (M.D. Fla. Apr. 28, 2010) (striking notice of voluntary dismissal and directing the parties to move for approval of the settlement).

overtime was owed because Defendants had properly "use[d] the '8 and 80' exception to the traditional forty (40) hour workweek and neither Plaintiff (nor any similarly situated individual) worked more than eighty (80) hours in any two (2) week period, nor more than eight (8) hours per day." DE 21. Thereafter, on February 24, 2015, a third Plaintiff, Valerine Barthelemy, joined the lawsuit. *See* DE 22.

On May 27, 2015, Defendants moved to strike the complaint's demand for pre-judgment interest. *See* DE 28. Plaintiffs filed a response arguing the motion was untimely and moved for attorney's fees. *See* DE 34-35. On July 6, 2015, the Court denied the motion as untimely, but noted it would not award prejudgment interest in any final judgment because this was contrary to Eleventh Circuit case law. *See* DE 37. The Court denied Plaintiffs' request for attorney's fees. *Id.* Meanwhile, the case proceeded through discovery. On June 5, 2015, Defendants filed an unopposed motion to extend the discovery deadline, noting that there were pending written discovery requests and scheduled depositions. *See* DE 31. The Court granted this request. *See* DE 32.

On November 16, 2015, the parties filed the present Joint Stipulation of Dismissal with Prejudice asking the Court to approve their settlement agreement. *See* DE 43. The agreement requires Defendants to pay a total of $25,000, of which Plaintiffs would receive $4,845 (Joseph), $6,170 (Barthelemy), and $1,500 (Laguerre). *See* DE 43-2 at 2 ¶ 1(a)-(c). Plaintiff's counsel would receive $12,485. *Id.* at 2 ¶ 1(d).

## II.   LEGAL STANDARD

Because FLSA rights cannot be abridged by contract or otherwise waived, claims arising under the FLSA may be settled only with the approval of the Court or the Secretary of Labor. *See Lynn's Food.*, 679 F.2d at 1352-53. In a suit brought by employees under the FLSA, the Court must determine whether a settlement proposed by the employer and employees "is a fair and reasonable resolution." *Id.* at 1354. In doing so, the Court considers such factors as "(1) existence of fraud; (2)

complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)); *see also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Finally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III.   ANALYSIS

On the present record, the Court cannot find that the parties' settlement agreement is fair and reasonable. First, the Court questions the amount of Plaintiffs' counsel's fees and costs. It is unclear whether the amount of fees and costs was calculated as a percentage of the total settlement amount, or as the product of counsel's hourly rate and time spent working on this case. If it was the former, the Court notes that $12,485 represents 49% of the total settlement amount. If it was the latter, the Court notes that Plaintiffs' counsel has submitted no affidavit or other evidence supporting the reasonableness of the amount of fees and costs. Although the Court recognizes that this case involved some motion practice and discovery, without further information the Court cannot determine whether $12,485 is reasonable compensation.

Second, the settlement agreement includes a broad confidentiality provision that bars Plaintiffs from disclosing or discussing: "(1) the existence or terms of this Agreement; (2) the factual or legal allegations that Plaintiffs have made against Defendants; (3) the amount of the Payment described above or the terms of the Payment; and (4) the fact that this matter was resolved by a Payment to Plaintiffs." DE 43-2 at 7 ¶ 12. Confidentiality provisions are, at best, strongly disfavored

in the settlement of FLSA claims. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010) ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights. . . . The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."). Although some courts have approved settlement agreements with a confidentiality clause upon a showing of a "compelling reason," *see Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 WL 593500, *4 (S.D. Ala. Feb. 14, 2013), the parties have asserted no such reason in the present case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows**:**

1. The parties' Joint Stipulation of Dismissal with Prejudice [DE 43], which the Court construes as a motion for approval of the parties' settlement agreement, is **DENIED** without prejudice.

2. On or before **Monday, January 4, 2016**, the parties may file a renewed request for settlement approval. Any renewed motion must demonstrate the reasonableness of the settlement, including as to the amount of Plaintiff's counsel's fees and costs and the confidentiality clause.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 21st day of December, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record