UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-81511-CV-Rosenberg/Brannon

HERMITE C. JOSEPH and MARIE E. LAGUERRE,
on their own behalf and others similarly situated,

　　　　　　Plaintiffs,

v.

FIZA INVESTMENTS, INC.,
a Florida Profit Corporation, dba
WINDSOR COURT and
PATRICIA S. RENGASAWMY, individually,

　　　　　　Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs, HERMITE C. JOSEPH, MARIE E. LAGUERRE, and VALERINE BARTHELEMY, and Defendants, FIZA INVESTMENTS, INC., a Florida Profit Corporation, dba WINDSOR COURT and PATRICIA S. RENGASAWMY, (together with Plaintiffs, the "Parties"), file their renewed request for settlement approval. The Parties previously filed a Joint Stipulation of Dismissal [DE 43] requesting the Court's approval of their settlement agreement. The Joint Stipulation of Dismissal was denied [DE 44] and the Court requested the Parties to file a renewed motion.

### SUMMARY

1.　　　Plaintiffs filed the instant action against Defendants for unpaid overtime due pursuant to the Fair Labor Standards Act (FLSA) on December 3, 2014.　[DE 1] Plaintiffs filed their lawsuit against Defendants alleging that Defendants violated the FLSA by failing to pay Plaintiffs time and one-half of their hourly rate for work performed in excess of forty hours per week.　To avoid the

costs and uncertainty of further litigation, the Parties agreed to settle this dispute through the execution of a Settlement and Release Agreement, **Exhibit A[1]**, which includes payment for the alleged overtime hours to Plaintiffs in this case and reasonable attorneys' fees and costs. The Parties agree that there is a bona fide, good faith dispute as to both liability and damages regarding the extent of Plaintiffs' claims.

2.      Initially prior to engaging in discovery and obtaining payroll and time records from Defendants, Plaintiffs had estimated their damages in their Statement of Claims filed with the Court on January 13, 2015 [DE 15]. In their Statement of Claims, Plaintiffs informed the Court that they were not presently in possession of all the information and records reflecting the discrete amounts owed and were estimating their damages. Marie E. Laguerre estimated that she was owed between $3,800.00 and $7,600.00 and Hermite Joseph estimated that she was owed between $3,200.00 and $6,400.00. Valerine Barthelemy had not entered the case until February 24, 2015 so her estimated damages were not included in the State of Claim.

3.      With respect to Plaintiffs' overtime wage claims, a factual dispute existed as to whether the Defendants properly paid Plaintiffs for all hours in excess of forty in a workweek. The crux of Plaintiffs' case was determining how many hours actually due to them. Certain hours included in Plaintiffs initial estimate were discovered to be beyond the statute of limitation after obtaining discovery. Plaintiffs maintained limited records as to their own time and compensation.  Defendants

---

[1] The Parties removed the confidentiality provision in its entirety from the Settlement and Release Agreement. The Settlement and Release Agreement is missing one signature, individual Defendant, Patricia Rengasawmy, but to avoid missing the Court's deadline due to her unavailability to timely execute the same, Defendants' counsel consented to the filing of the Settlement and Release Agreement for approval.

produced volumes of records at various stages of this case, but their records did not account for the entire period of Plaintiffs' employment.   All documents were reviewed by Plaintiffs and Plaintiffs' counsel as part of evaluating the strength of their claims.

4.   The Defendants asserted, and continue to assert, they were in compliance with both state law and federal wage law and all applicable laws with respect to Plaintiffs' employment at all relevant times and that Defendants acted in good faith.

5.      In order to avoid the uncertainties of litigation and the attorneys' fees associated with this type of action, the Parties negotiated a resolution of the matter. Plaintiffs' overtime claims were resolved by utilizing a formula incorporating their weeks of employment, average hours worked, and regular pay rate based on a comparative of the relevant records produced by both Plaintiffs and Defendants. The outcome of the formula was an estimate of the damages owed to Plaintiffs which Plaintiffs used to negotiate a resolution of their claim with Defendants. The Parties' negotiated settlement is intended to satisfy any amount of overtime hours that may be due under the Fair Labor Standards Act to Plaintiffs. Accordingly, the amount of money they are receiving is fair with respect to their individual circumstances.   The Settlement and Release Agreement reflect the exact amount they are receiving, as well as how much their attorney is receiving.

6.      Importantly, throughout the entirety of the resolution process, Plaintiffs were represented by competent counsel with experience in this area of law.   Defendants were also represented by competent counsel throughout this process.

7.      In light of the Court's Order Denying Settlement Approval, the Parties have removed the confidentiality provision in the Settlement and Release Agreement. *See*, **Exhibit A**, Settlement and Release Agreement**.**

8.      An additional element of Plaintiffs' claims is the recovery of reasonable attorney's fees and costs incurred in the prosecution of Plaintiffs' FLSA claim.  Law Office of Dieudonne Cadet, P.A. customarily bills its clients at the rate of $300.00 per hour for services rendered, plus costs. Plaintiffs at the inception of the case agreed that Law Office of Dieudonne Cadet, P.A. would be compensated at the hourly rate of $300.00 for services rendered, plus costs. Plaintiffs' Retainer as to Fees and Costs state as follows:

**3.            Calculation of Attorney's Fees**

A. I understand that if Law Office of Dieudonne Cadet, P.A.  files suit against Defendant(s), it will seek from Defendant(s) the recoverable attorney's fees and costs under the applicable federal statutes and case law. These fees and costs will be paid from any recovery from the Defendant(s). I agree that the fees Law Office of Dieudonne Cadet, P.A. will seek against the   individuals and/or entities set forth above will be based upon an hourly rate of $300.00 using the Lodestar method of calculating court awarded attorney's fees in Florida.

In the event a judgment is entered, or order entered which provides for attorney's fees to paid to Plaintiff or Plaintiff's counsel, or a Stipulation agreed to by and between the parties which provides for attorney's fees to be paid to Plaintiff or Plaintiff's counsel, Law Office of Dieudonne Cadet, P.A.'s fees shall be the greater of (i) or (ii):

(i)A reasonable attorney's fee as awarded by the Court pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C.§201 et seq., or under the Florida or Federal Statute or case law, or

(ii)Forty percent (40%) of the total amount recovered on my behalf (including any court awarded attorney's fees).

B. Should a settlement offer be made, Law Office of Dieudonne Cadet, P.A. will attempt to have the Defendant(s) add attorney's fees to the offer to see if the entire case can  be settled at one time. If a separate fee is not contained in the offer and Defendant offers a lump sum for claims which you decide to accept, then the attorney's fee will be the greater of the amount calculated pursuant to Paragraph 3(ii) above or $300.00 per hour. Should a settlement offer be made, under no circumstances will I have to pay any attorney's fees or cost in excess of any settlement offer made.

**4.     Cost**
The costs of investigation, expert witness fees, courts costs and other costs incurred by Law Office of Dieudonne Cadet, P.A.  shall be paid or charged against any recovery. The costs that shall be charged against the recovery shall be in addition to the fees outlined above. Further, in the event the Court awards Law Office of Dieudonne Cadet, P.A.  fees and/or costs due to discovery abuses by the Defendant or Defendant's counsel, Law Office of Dieudonne Cadet, P.A.  may retain those fees and/or costs from the defense and they will not be a part of this agreement for a set-off from any attorney's fee ultimately recovered.

9.     The Parties agreed to compensate Plaintiffs' counsel $12,485.00 for fees and costs.  The amount agreed upon between the Parties is less than half of the actual fees and costs incurred in this case. The total fee incurred in this case to date is $ 28,770.03 (95.50 hours of work at $300.00 hourly) and costs were $1,029.19. *See*, **Composite Exhibit B**, Fee Entry List and Costs Entry List.  Due to Plaintiffs' interest in settling with Defendants and to avoid the risk associated with litigation, the attorney's fees were resolved for significantly less than the total fees incurred.

10.     29 U.S.C. § 216(b) authorizes an award of attorney's fees in proceeding to enforce the provisions of the Fair Labor Standards Act. The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.

11. Counsel's hours are not excessive since Plaintiffs' counsel is receiving less than half of the hours incurred in the prosecution of this case. Sworn testimony by counsel that the hours were spent in litigating this case is evidence of considerable weight of the time required and it must appear that the time is obviously and convincingly excessive to reduce the hours.   Perkins v. Mobile Housing Authority, 847 F.2d at 738 (11th Cir. 1988). *See also*, **Exhibit C**, Declaration of Maguene D. Cadet for Attorney's Fees and Costs.

12.     Upon approval of the Settlement and Release Agreement the Parties request that the Court dismiss this action with prejudice and the District Court to retain jurisdiction to enforce the terms of the Settlement Agreement, a copy of which is submitted as **Exhibit A**.

### MEMORANDUM OF LAW

I.     Legal Principles

In general, the overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees.  *See e.g., Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945).  This general rule recognizes that there are often inequalities in bargaining power between employees and employers.  However, if certain conditions are met, an employee may settle and waive FLSA claims against an employer.

Currently, there are only two ways in which claims under the FLSA can be settled and released by employees.  First, §216(c) of the FLSA specifically allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to employee is supervised by the Secretary of Labor.  29 U.S.C. §216(c), *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

Therefore, an employee may properly settle and release FLSA claims against an employer without the supervision of the Secretary of Labor if (1) the settlement agreement between the employer and the employee occurs in an adversarial context, (2) there are issues of FLSA coverage and/or computation that are actually in dispute, and (3) the district court enters a stipulated judgment approving the settlement after scrutinizing the fairness of the settlement. *Lynn*, 679 F.2d at 1354.

II.     Analysis

The instant case involves a situation in which the Court may allow Plaintiffs to settle and release their FLSA claims against Defendants. The existence and extent of any unpaid overtime were hotly disputed issues in this document-intensive case. The proposed settlement arises out of an adversarial context. As part of the settlement, Plaintiffs are receiving an amount sufficient to fully satisfy their claim for unpaid overtime based on their individual circumstances, after due consideration of the amounts being paid, the time records at issue, and the risks and expenses of further litigation. The Parties agree that the settlement is a fair and reasonable compromise of the claims at issue. All Parties have been represented by counsel throughout the litigation. In addition, there is no disagreement that under the law, Plaintiffs are entitled to have reasonable attorneys' fees and costs paid.

The Parties agreed to the terms of this settlement after they were counseled by their respective attorneys.

WHEREFORE, the Parties, HERMITE C. JOSEPH, MARIE E. LAGUERRE, and VALERINE BARTHELEMY, FIZA INVESTMENTS, INC. dba WINDSOR COURT and PATRICIA S. RENGASAWMY, respectfully request this Court grant the Parties' Joint

Motion for Approval of Settlement of Plaintiffs' claims for damages and to dismiss

Plaintiffs' Complaint with Prejudice.

Respectfully submitted January 13, 2016

**s/Maguene D. Cadet**
Maguene D. Cadet, Esquire
Florida Bar No. 0591361
Law Office of Dieudonne Cadet, P.A.
2500 Quantum Lakes Drive, Suite 203
Boynton Beach, Florida 33426
Telephone: (561) 853-2212
Facsimile: (561) 853-2213
Email: maguene@dieudonnelaw.com
Attorney for Plaintiffs

**s/Daniel R. Levine**
Daniel R. Levine, Esquire
Florida Bar No. 0057861
Bennardo Levine, LLP
1860 NW Boca Raton Boulevard
Boca Raton, Florida 33432
Telephone:  (561) 392-8074
Facsimile:  (561) 368-6478
Email:  drlevine@bennardolevine.com
Attorney for Defendants