## SETTLEMENT AND RELEASE AGREEMENT

**THIS SETTLEMENT AND RELEASE AGREEMENT** (the "Agreement") is made this __ _11_ day of January 2016 ("Effective Date") between Hermite C. Joseph, Marie E. Laguerre, and Valerine Barthelemy ("Plaintiffs") on the one hand and FIZA Investments, Inc. and Patricia S. Rengasawmy (collectively, the "Defendants") on the other hand. Plaintiffs and Defendants shall be collectively referred to as the "Parties."

**WHEREAS,** Plaintiffs, former employees of FIZA Investments, Inc., filed a lawsuit against Defendants on December 03, 2014 styled, *Hermite C. Joseph and Marie E. Laguerre, et al. v. FIZA Investments, Inc., a Florida Profit Corporation, and Patricia S. Rengasawmy*, Case No. 14-81511-CIV-ROSENBERG/BRANNON, pending in the Southern District of Florida (the "Lawsuit"); and

**WHEREAS,** Plaintiffs may have or make other claims, causes of action, rights, charges, grievances, demands or suits in law or equity against Defendants or related persons or entities; and

**WHEREAS,** Defendants have denied the validity any and all liability for any claims or causes of action which Plaintiffs may have or claim; and

**WHEREAS,** the Parties hereto desire to settle all claims, disputes, charges, and causes of action that exist or may exist in the Lawsuit in order to avoid the cost and distraction of litigation;

**NOW, THEREFORE,** in exchange for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

## COVENANTS

1. **Payment.** Defendants shall pay Plaintiffs collectively the sum of Twenty-Five Thousand Dollars and No Cents ($25,000.00) (the "Payment"), which Plaintiffs agree to accept in full payment of all damages, attorneys' fees, costs, expenses and interest sought in the Lawsuit and which constitutes complete payment and satisfaction of all monies to which Plaintiffs claim or may claim to be entitled from Defendants. The Payment will be allocated as follows:

    a) No less than thirty (30) days following Hermite C. Joseph's execution and delivery of this Agreement, Defendants shall provide Hermite C. Joseph a check for Four Thousand Eight Hundred Forty-Five Dollars and Zero Cents ($4,845.00). Defendants will not withhold any sums for taxes and Defendants will issue a Form 1099 to Hermite C. Joseph for the check amount.

    b) No less than thirty (30) days following Valerine Barthelemy's execution and delivery of this Agreement, Defendants shall provide Valerine Barthelemy a check for Six Thousand One Hundred Seventy Dollars and Zero Cents ($6,170.00). Defendants will not withhold any sums for taxes and Defendants will issue a Form 1099 to Valerine Barthelemy for the check amount.

    c) No less than thirty (30) days following Marie E. Laguerre's execution and delivery of this Agreement, Defendants shall provide Marie E. Laguerre a check for One Thousand Five Hundred Dollars and Zero Cents ($1,500.00). Defendants will not withhold any sums for taxes and Defendants will issue a Form 1099 to Marie E. Laguerre for the check amount.

      d)     No less than sixty (60) days following Plaintiffs' execution and delivery of this Agreement, Defendants will pay Plaintiffs' attorneys the sum of Twelve Thousand Four Hundred Eighty-Five Dollars and Zero Cents ($12,485.00) for attorneys' fees, costs, and expenses. The check for said amount shall be made payable to Law Office of Dieudonne Cadet, P.A. Operating Account. EIN number: 90-0490012. Defendants will issue a Form 1099 to Law Office of Dieudonne Cadet, P.A.

2.    **<u>Warranties and Representations.</u>** Plaintiffs hereby warrant and represent that the Payment represents full payment of all amounts due and owing to them under the Fair Labor Standards Act.

3.    **<u>Dismissal of Lawsuit.</u>** Plaintiffs agree to the dismissal with prejudice of their claim in the Lawsuit, and otherwise agree to do anything necessary to effect the dismissal of such claim, including filing a Stipulation for Dismissal with Prejudice. Plaintiffs agree to the filing of the Stipulation for Dismissal with Prejudice immediately upon Defendants' execution of this Agreement.

4.    **<u>Tax Liability Indemnification.</u>** Plaintiffs hereby acknowledge that Defendants have not made any representations concerning the taxability of the Payment, or any portion thereof. In the event that any governmental agency determines that any additional taxes are due and owing with respect to any of the Payment, Plaintiffs agree to hold Defendants harmless for any such additional taxes under this Agreement. Plaintiffs also agree to indemnify and hold Defendants harmless from and against any additional amounts determined by any governmental agency to be owing from Defendants by any reason of Defendants' failure to withhold and remit any additional taxes from the Payment, including but not limited to income taxes, FICA or Medicare contributions. This

indemnification shall also apply to any penalty, interest or other sums, including attorneys' fees, Defendants shall owe as a result of their failure to withhold or remit taxes which are ordinarily to be withheld from wages of, or paid by, Plaintiffs.

5. **Each Party to Bear Own Costs and Fees.** Each party hereto shall bear his or their own costs, litigation expenses, and attorneys' fees. Plaintiffs otherwise agree not to file any petition or motion seeking a further award of fees, costs or expenses.

6. **Waiver of Re-employment.** Plaintiffs shall not reapply for employment with Defendants or its affiliated or related entities and any of its affiliated or related entities and, should such application be filed, Defendants are free to reject and disregard it. If Plaintiffs are inadvertently offered or given employment, Fiza Investments, Inc. or its affiliated or related entities may rescind such offer or terminate such employment at any time without cause or recourse. Plaintiffs hereby waive any claims based upon any of the actions described in this paragraph.

7. **Release to Defendants.** In exchange for, and in consideration of the foregoing, Plaintiffs, of their own free will and on behalf of their representatives, heirs, executors, administrators, agents, successors, assigns, and attorneys, hereby knowingly and voluntarily releases and forever discharges Defendants, their predecessors, successors, affiliated or related entities, joint ventures, employee benefit funds and plans, as well as all owners, directors, officers, shareholders members, employees, agents, insurers, and attorneys of the foregoing entities, from any and all actions, causes of action, claims, liabilities, charges, complaints, promises, demands, contracts, lawsuits, claims for wages or fringe benefits, liquidated damages, economic damages, damages for pain, suffering, mental distress or any other compensatory damages, punitive damages,

consequential losses or damages, equitable relief, costs, expenses, attorneys' fees, expert witness fees, interest and penalties of any kind and every nature whatsoever, known or unknown, which Plaintiffs have or may have against Defendants from the beginning of the world to the date when Plaintiffs signs this Agreement. This general release includes, but is not limited to, any claims for wages, bonuses, severance pay, vacation pay, any tort claims, any defamation claims, any negligence claims, any other common law claims, any claims for breach of contract, any claims for alleged violation of the National Labor Relations Act, any claims under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Civil Rights Act of 1866 (42 U.S.C. §§ 1981, 1981(a), 1983, 1985, 1986, and 1988), the Americans With Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Florida Civil Rights Act ("FCRA"), the Family and Medical Leave Act ("FMLA"), the Employee Retirement Income Security Act of 1974, the Equal Pay Act ("EPA"), any claims under the "coercion of employees" portion of Florida's workers' compensation statute, Section 440.205, Florida Statutes, of any claims under the Florida Whistleblower Act of 1981, Section 448.101 *et seq.*, *Florida Statutes*, any collective bargaining agreements, any provisions of Chapters 440, 443, and 447, *Florida Statutes*, the Florida Omnibus AIDS Act, Section 760.50, *Florida Statutes*, the False Claims Act; the Lilly Ledbetter Fair Pay Act of 2009; the Florida Minimum Wage Act, Article X, section 24 of the Florida Constitution; the Immigration Reform and Control Act, as amended; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Fair Labor Standards Act ("FLSA"); and any other federal, state, or local law, statute, regulation,

ordinance or common law theory as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim.

8. **Exception to Release to Defendants.** Notwithstanding paragraph 7 above, Plaintiffs, Valerine Barthelemy and Marie Eunide Laguerre, shall not compromise, waive, prejudice or release any claims related to their Employment Charge of Discrimination filed with the Florida Commission on Human Relations, including but not limited to any claims under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Civil Rights Act of 1866 (42 U.S.C. §§ 1981, 1981(a), 1983, 1985, 1986, and 1988), the Americans With Disabilities Act ("ADA"), and, the Florida Civil Rights Act ("FCRA").

9. **Release to Plaintiffs.** Fiza Investments, Inc. and Defendants in and for consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of Plaintiffs, receipt whereof is hereby acknowledged, release and forever discharge Plaintiffs and their respective heirs, executors, administrators, successors, and assigns, from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, whether known or unknown, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of any aspect of Plaintiffs' relationship with Defendants, any agreement concerning such relationship, or the termination of such relationship, which, against Plaintiffs, Defendants' successors and assigns ever had, now have or hereafter can, will, or may have, by reason of any matter or cause whatsoever, from the beginning of the world to the date Defendants execute this Agreement.

10. **Employment Reference.** To the extent any prospective employer contact Defendants seeking an employment reference regarding Plaintiffs, Defendants agree to provide neutral information only, consisting only of Plaintiffs' last job title, last salary and dates of employment.

11. **No Admission of Liability.** The Parties have entered into this Agreement in order to avoid the substantial costs, risks, uncertainties, and inconvenience of litigation. It is further understood that Defendants deny that they have acted wrongfully or unlawfully towards Plaintiffs and they maintain that execution of this Agreement does not constitute an admission by Defendants that they have violated any common law principle, any law, statute, rule, regulation or ordinance of the United States, the State of Florida, or any county or municipality, or any contractual obligation, or that Defendants have breached any of their policies or practices, or that Plaintiffs claims are meritorious.

12. **No Assignment.** Plaintiffs hereby warrants that they have not assigned, sold, subrogated, transferred, conveyed or pledged as security to anyone any actions, causes of action, claims or demands that they now have or ever had against Defendants, and they hereby agree to defend entirely at their own expense and to fully indemnify and forever hold Defendants harmless from and against any and all actions, causes of action, claims or demands that may be brought against Defendants, by anyone to whom Plaintiffs have assigned, sold, subrogated, transferred, conveyed or pledged as security any such actions, causes of action, claims or demands, whether such are asserted by third-party complaint, cross-claim claim or otherwise, or whether such are asserted for indemnity, contribution or otherwise.

13. **Entire Agreement.** Plaintiffs confirm that the only consideration for their execution of this Agreement is that which is stated herein, and that there are no promises or agreements of any other kind other than as stated herein which have caused him to execute this Agreement; that they have not relied on statements or representations by Defendants or Defendants' agents or representatives concerning the matters addressed in this Agreement; that he fully understands the meaning and intent of this Agreement, including but not limited to its final and binding effect. The Parties hereto agree that this Agreement constitutes the entire Agreement between Plaintiffs, on the one hand, and Defendants on the other hand; and that there exist no other agreements, oral or written, between or among them relating to any matters covered by this Agreement. It is further agreed that this Agreement supersedes any and all prior or contemporaneous agreements, written or verbal, or any other understandings that may have existed or exist between the Parties, and related to the same subject matter described herein.

14. **Representations.** Plaintiffs hereby represent and agree to all of the following:

(a) In the absence of this Agreement, Plaintiffs would not be entitled to the consideration set forth in this Agreement and the consideration herein is greater than any amount to which they would otherwise be entitled.

(b) Plaintiffs have carefully read this Agreement, including its release.

(c) Plaintiffs are freely, voluntarily and knowingly releasing Defendants, in accordance with the terms contained in this Agreement.

(d) The period of time to consider Plaintiffs' rights and obligations under this Agreement was reasonable.

(e)     It is recommended that Plaintiffs review this Agreement with an attorney prior to executing this Agreement, and Plaintiffs have consulted with counsel regarding the meaning of this Agreement.

(f)     This Agreement does not waive any rights or claims Plaintiffs may have arising after the date on which Plaintiffs sign this Agreement.

15.     **Governing Law.**  This Agreement and all terms thereof shall be construed and governed according to the laws of Florida.  The Parties consent to the jurisdiction and venue of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida or the Southern District of Florida, West Palm Beach Division in connection with any claim or controversy arising out of, or connected with, this Agreement.  Any action arising out of, or connected with, this Agreement shall be brought exclusively in Palm Beach County, Florida.

16.     **Evidence.**  Evidence of this Agreement is not admissible except in a proceeding to determine costs.

17.     **Waiver of Term, Provision Or Condition.**  The waiver by any party of a breach of any provision of this Agreement by any other party shall not operate or be construed as a waiver of any subsequent breach of that or any other provision by said party.

18.     **Binding Effect.**  The rights and obligations of Plaintiffs and Defendants under this Agreement shall inure to the benefit of and shall be binding upon their respective successors and assigns, and Plaintiffs and Defendants consent to enforcement of any covenants herein by any such successor or assign.

19. **Actions Constituting Breach.** In any action brought to enforce this Agreement or an alleged breach of this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs.

20. **Modifications.** This Agreement may not be altered, amended, modified, or terminated except by an instrument in writing, executed by the Parties hereto or their authorized representatives.

21. **Severability.** The Parties agree that if any provision in this Agreement is held to be invalid, illegal or unenforceable, either legislatively or judicially, such provision will be severed herefrom, and the remainder of this Agreement will continue to be valid and enforceable unless such determination of invalidity shall deprive either party of the substantial benefit of its bargain. The Parties agree, however, that any determination by any federal, state or local authority regarding treatment of the terms or consideration of this Agreement under any laws regarding taxation shall not constitute an event depriving either party of the substantial benefit of its bargain.

22. **Construction.** The terms in this Agreement are the product of arms-length negotiations, and they shall not be construed against any of the Parties.

23. **Headings.** The headings contained in this Agreement are for convenience only, and they shall have no significance to the meaning of the Agreement.

24. **Counterparts.** This Agreement may be executed by the Parties in separate counterparts, each of which shall be deemed to constitute an original.

25. **Informed Agreement.** Each party hereto represents and agrees that he or they has/have carefully read and fully understands all of the provisions of this Agreement,

including the release and waiver of claims, and that he or they is/are knowingly and voluntarily entering into this Agreement.

THE UNDERSIGNED HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND THE CONTENTS THEREOF, AND EXECUTED IT AS THEIR FREE ACT AND DEED.

IN WITNESS WHEREOF, the Parties hereto set their hands and seals.

By: *Hermite C. Joseph*
HERMITE C. JOSEPH
Date: 1/12/2015

By: *Marie Laguerre*
MARIE E. LAGUERRE
Date: 1-12-16

By: *Valerine Barthelemy*
VALERINE BARTHELEMY
Date: 1-11-2016

FIZA INVESTMENTS, INC.
By: *David R. Smith, Esq, Atty-In-Fact*
For FIZA Investments, Inc.
Its: _____
Date: 1-13-15

_____
PATRICIA S. RENGASAWMY
Date: _____

11