UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-cv-81511-ROSENBERG/BRANNON

HERMITE C. JOSEPH and MARIE E. LAGUERRE,
on their own behalf and others similarly situated,

    Plaintiffs,

v.

FIZA INVESTMENTS, INC. d/b/a WINDSOR COURT,
and PATRICIA S. RENGASAWMY,

    Defendants.
_____/

## ORDER GRANTING SECOND JOINT MOTION FOR SETTLEMENT APPROVAL

**THIS CAUSE** is before the Court upon the parties' second Joint Motion for Approval of Settlement [DE 47]. The parties ask the Court to approve their settlement agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The Court has carefully reviewed the Settlement Agreement attached thereto, and is otherwise fully advised in the premises. For the reasons set forth below, the parties' request for settlement approval is **GRANTED.**

### I.    PROCEDURAL HISTORY

On December 3, 2014, Plaintiffs Joseph and Laguerre filed this action for unpaid overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). *See* DE 1. On January 13, 2015, Plaintiffs filed a statement of claim stating that Joseph was owed between $3,200 and $6,400 in overtime pay and Laguerre was owed between $3,800 and $7,600 in overtime pay. *See* DE 15. On January 27, 2015, Defendants responded to the statement of claim, arguing no overtime was owed because Defendants had properly "use[d] the '8 and 80' exception to the traditional forty (40) hour workweek and neither Plaintiff (nor any similarly situated individual) worked more than eighty (80) hours in any two (2) week period, nor more than eight (8) hours per

1

day." DE 21. Thereafter, on February 24, 2015, a third Plaintiff, Valerine Barthelemy, joined the lawsuit. *See* DE 22.

On May 27, 2015, Defendants moved to strike the complaint's demand for pre-judgment interest. *See* DE 28. Plaintiffs filed a response arguing the motion was untimely and moved for attorney's fees. *See* DE 34-35. On July 6, 2015, the Court denied the motion as untimely, but noted it would not award prejudgment interest in any final judgment because this was contrary to Eleventh Circuit case law. *See* DE 37. The Court denied Plaintiffs' request for attorney's fees. *Id.* Meanwhile, the case proceeded through discovery. On June 5, 2015, Defendants filed an unopposed motion to extend the discovery deadline, noting that there were pending written discovery requests and scheduled depositions. *See* DE 31. The Court granted this request. *See* DE 32.

On November 16, 2015, the parties filed a Joint Stipulation of Dismissal with Prejudice asking the Court to approve their settlement agreement. *See* DE 43. The agreement required Defendants to pay a total of $25,000, of which Plaintiffs would receive $4,845 (Joseph), $6,170 (Barthelemy), and $1,500 (Laguerre). *See* DE 43-2 at 2 ¶ 1(a)-(c). Plaintiff's counsel would receive $12,485. *Id.* at 2 ¶ 1(d).

On December 21, 2015, the Court denied approval without prejudice. *See* DE 44. The Court found Plaintiffs had not provided sufficient evidence to support the reasonableness of the attorney's fees and costs. *Id.* at 3. The Court also found that the settlement agreement contained a broad confidentiality provision, which ran counter to the purpose of the FLSA, and that the parties had shown no compelling reason for such a provision. *Id.* at 3-4. The parties timely filed the instant renewed motion for settlement approval. *See* DE 47.

## II.    LEGAL STANDARD

Because FLSA rights cannot be abridged by contract or otherwise waived, claims arising under the FLSA may be settled only with the approval of the Court or the Secretary of Labor. *See*

*Lynn's Food.*, 679 F.2d at 1352-53. In a suit brought by employees under the FLSA, the Court must determine whether a settlement proposed by the employer and employees "is a fair and reasonable resolution." *Id.* at 1354. In doing so, the Court considers such factors as "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)); *see also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Finally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III.   ANALYSIS

The parties' renewed motion for settlement approval cures the deficiencies noted in the Court's prior Order. *See* DE 44. First, the new settlement agreement does not contain a confidentiality clause. *See* DE 47 at 4 ¶ 7 (second motion for settlement approval); DE 48-1 (executed settlement agreement). Second, Plaintiffs' counsel has proffered her time records to demonstrate the reasonableness of the attorney's fees and costs that Defendants have agreed to pay her. *See* DE 47-3, 47-4. As in the prior settlement agreement, Defendants have agreed to pay a total of $25,000, with $12,485 of this amount representing attorney's fees and costs to Plaintiffs' counsel. *See* DE 48-1 at 2-3 ¶ 1(a)-(d).

Plaintiffs' counsel has produced time records showing that she actually incurred $28,770.03 in fees (95.5 hours of work at a rate of $300 per hour) and $1,029.19 in costs, and that the settlement amount therefore represents recovery of costs and about half of the fees she would have charged

Plaintiffs. *See* DE 47-3, DE 47-4. The Court finds the fees awarded to Plaintiffs' counsel via the settlement agreement ($11,455.81) to be reasonable. The number of hours to be compensated (38.18 hours) is reasonable in light of the procedural history described *supra* and the discovery disputes described in the motion for settlement approval. *See* DE 47 at 2-3 ¶ 3. Based upon the Court's familiarity with FLSA litigation and the market rates for attorneys in the FLSA field, the Court finds the hourly rate of Plaintiffs' counsel ($300) is also reasonable. *See, e.g., Munoz v. Kobi Karp Arch. & Interior*, No. 09-21273-CIV, 2010 WL 2243795, *6 (S.D. Fla. May 13, 2010).

Accordingly, it is **ORDERED AND ADJUDGED** as follows**:**

1. The parties' second Joint Motion for Approval of Settlement [DE 47] is **GRANTED**.

2. The Court finds that the terms of the Settlement and Release Agreement [DE 48-1] are fair, reasonable, and just under the circumstances.

3. The above-captioned action is **DISMISSED**, in its entirety, as to all parties, with prejudice, with the parties to bear their own costs, fees, and expenses, except as set forth in the Settlement and Release Agreement with respect to the payment of attorneys' fees and costs.

4. The Court reserves jurisdiction to enforce the parties' Settlement and Release Agreement.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 10th day of February, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record